UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL HAYES,<br><br>                                Plaintiff,<br><br>v.<br><br>FT LA CASCADA TIC, LLC, et al.,<br><br>                                Defendants. | Case No.:  20-cv-1801-JAH-DEB<br><br>**ORDER PROVIDING UPDATED PROCEDURES FOR MANDATORY SETTLEMENT CONFERENCE** |

The Court issues the following updated instructions for the Mandatory Settlement Conference ("MSC") on January 13, 2022 at 1:30 p.m.

1. **Purpose of the MSC:** The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. Counsel attending the MSC are expected to have a command of the facts and applicable law.  Counsel and the parties shall be prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions.  *All discussions during the MSC are informal, off the record, privileged and confidential.*  Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

2. **Full Settlement Authority Is Required:**  Pursuant to Local Rule 16.3.b., all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the MSC.[1]  This appearance must be made with full and unlimited authority to negotiate and enter into a binding settlement.[2]  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Counsel for a government entity may be excused from this requirement so long as the government attorney who participates in the MSC (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

3. **Procedure for Zoom Videoconference Appearance:**  Although the Court typically requires personal attendance of all participants, due to the COVID-19 public emergency, the Court will use its Zoom video conferencing account to hold the MSC.

---

[1]  The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[2]  Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486.  Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

***If you are unfamiliar with Zoom:*** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[4] There is a cost-free option for creating a Zoom account.

Prior to the start of the MSC, the Court will email each participant an invitation to join a Zoom video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. ***Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding***. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

Each participant should plan to join the Zoom video conference ***at least five minutes before*** the start of the MSC to ensure that the conference begins on time. ***The Zoom e-mail invitation may indicate an earlier start time, but the MSC will begin at the time scheduled by the Court.***

Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[5] In a Breakout Room, the Court

---

[3] Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance.

[4] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[5] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

No later than **January 6, 2022**, counsel for each party shall send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

a. The *name and title of each participant*, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

b. An *e-mail address for each participant* to receive the Zoom video conference invitation; and

c. A *telephone number where each participant* may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference. (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

Counsel are responsible for ensuring their clients are able to participate in the MSC. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the MSC as if they were attending in person (e.g., not be driving while speaking to the Court, or otherwise distracted). Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

4. **Confidential MSC Statements Required:** No later than one week before the MSC, each party shall lodge a Confidential MSC Statement by email to efile_butcher@casd.uscourts.gov. The Confidential Settlement Brief may not exceed ten

(10) pages excluding exhibits. All Confidential Settlement Briefs must include the following:

    a.    the party's position on liability and damages supported by relevant facts, a discussion of the significant facts established during discovery, and legal analysis with citations to controlling legal authority. The parties are also encouraged to attach a chronology setting forth a timeline of the events at issue. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not counted against the page limits;

    b.    **for plaintiffs**, a specific and current settlement demand addressing all relief sought and an itemization of the damages sought, and, **for defendants**, a specific and current offer and the bases for that offer. (Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific offer or demand cannot be made at the MSC or settlement conference, state the reasons why and explain what additional information is required to make a settlement demand or offer.);

    c.    a brief description of any previous settlement negotiations or mediations; and

    d.    the names of attorney(s) and non-attorney(s) who will attend the conference, including the name(s) and title(s)/position(s) of the party/party representative(s).

6.    **Requests to Continue MSC:** A request for continuance may be initiated by counsel placing a joint call to the Court's Chambers. Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue the MSC based on a pre-existing scheduling conflict must be made within 10 days of the issuance of this Order.

/ /

/ /

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 446-3704.

**IT IS SO ORDERED**.

Dated: January 4, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge